# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| NATIONAL CREDIT UNION, ) | |
| ADMINISTRATION BOARD, ) | CASE NO. 1:11 CV 1739 |
| as Liquidating Agent of ) | |
| St. Paul Croatian Federal Credit Union, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE GREG WHITE |
| v. ) | |
| ) | |
| ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| CUMIS INSURANCE SOCIETY, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court upon Defendant Cumis Insurance Society's Motion to Reopen Discovery (Doc. No. 127.)[1] Plaintiff National Credit Union Administration Board in its capacity as Liquidating Agent of St. Paul Croatian Federal Credit Union ("Plaintiff") filed a Brief in Opposition on October 1, 2015. (Doc. No. 131.) For the following reasons, Defendant's Motion is DENIED.

In its Motion, Defendant asks the Court to reopen discovery for forty-five (45) days in order to allow Defendant to determine if any member of St. Paul Croatian Federal Credit Union's Board of Directors or Supervisory Committee, or any supervisory staff employee, "provided information to the FBI or IRS during their investigation of St. Paul which shows that a member of the Board, Supervisory Committee, or supervisory staff knew prior to February 11,

---

[1] This case is before the Court upon consent of the parties entered November 28, 2011. (Doc. No. 13.)

2010, that Anthony Raguz ('Raguz') was dishonest." (Doc. No. 127-1 at 2.) Defendant asserts that, "[i]f so, coverage terminated for Raguz prior to the inception of the February 11, 2010 policy on which the plaintiff has sued." *Id*. Moreover, Defendant argues that "any such knowledge may also trigger discovery and the concomitant notice and limitations periods in the bond which, if not met, could also negate coverage." *Id*.

Plaintiff argues discovery should not be re-opened because Defendant had ample notice of FBI/IRS involvement with the National Credit Union Administration, in its capacity as Regulatory Agency (hereinafter "Agency") prior to the liquidation of St. Paul in April 2010. Specifically, Plaintiff notes that (1) as early as October 8, 2010, Defendant was provided with documents "which indicated both FBI/IRS involvement and specified the names of the respective agents." (Doc. No. 131 at 3.) In addition, Plaintiff asserts Defendant deposed numerous individuals within the discovery period, during which defense counsel expressly inquired about meetings between the FBI and/or IRS and the Agency. *Id*. Thus, Plaintiff argues Defendant's motion should be denied because Defendant "had all the time it needed to complete discovery, yet [it] made a conscious decision to terminate same without requesting a timely extension." *Id*. at 4.

The Court finds Defendant has failed to demonstrate the need to re-open discovery. As has been detailed in prior Orders of this Court, over two years ago (in July 2013), Plaintiff (as Liquidating Agent) produced for *in camera* review two discs containing documents in its possession that reflected or related to communications between Plaintiff and the FBI and/or IRS regarding St. Paul. (Doc. Nos. 36, 41.) The Court thereafter conducted an in-person conference with counsel for the parties, as well as counsel for the United States. During this conference,

2

counsel for the U.S. represented that none of the *in camera* documents on the discs were responsive to Defendant's discovery requests. (Doc. No. 42.) Moreover, more recently, the non-party Agency conducted a thorough search of its records for documents reflecting or relating to communications between the Agency and the FBI and/or IRS; and, produced those documents to the Court for *in camera* review.[2] The Court subsequently ordered certain non-privileged, responsive documents from this *in camera* production to be provided to the parties in redacted form. (Doc. No. 124.) In light of the above, the Court finds Defendant has obtained the discovery it now seeks; i.e., documents reflecting or relating to communications between the FBI and/or IRS and the Plaintiff and the Agency regarding St. Paul.

Defendant, however, asserts the Court should nevertheless re-open discovery in order to allow it to attempt to obtain such documents directly from the FBI and/or IRS. (Doc. No. 128.) During a status conference on October 15, 2015, counsel for Defendant stated Defendant had recently served *Touhy* requests on the FBI and the IRS for deposition testimony regarding (1) information received from any member of the St. Paul Board or Supervisory Committee, or employee of St. Paul, regarding possible dishonest and/or fraudulent activity at St. Paul; (2)

---

[2]Specifically, counsel for the Agency was asked to determine "whether the [Agency] has documents reflecting or relating to communications between the NCUA and the FBI and/or IRS between January and April 2010 regarding St. Paul Croatian Federal Credit Union." (Doc. No. 114.) On July 27, 2015, the Agency produced documents pursuant to this Order for *in camera* review. (Doc. No. 122.) On August 13, 2015, the Court ordered certain documents to be produced to the parties in redacted form. (Doc. No. 124.) Thereafter, the Court asked the Agency to "determine whether it has any records from the 2009 calendar year that indicate a St. Paul Croatian Federal Credit Union ("St. Paul") Board Member, Supervisory Committee member, or supervisory staff member had knowledge that Anthony Raguz had committed a dishonest or fraudulent act." (Doc. No. 128.) On October 9, 2015, counsel for the Agency advised the parties that it had conducted a thorough search of its records and determined it has no records meeting this description. (Doc. No. 133.)

information received from members of St. Paul about loans they did not receive or possible dishonest and/or fraudulent activity at St. Paul; and, (3) information received from or provided to the Agency regarding possible dishonest and/or fraudulent activity at St. Paul. As noted in the Minutes from that conference, Defendant's *Touhy* requests were denied via letter dated October 9, 2015. (Doc. No. 133 at 2.)

As noted above, however, Defendant has already obtained discovery from both Plaintiff and the Agency regarding FBI and/or IRS communications relating to St. Paul. While Defendant may wish to appeal the denial of his *Touhy* requests to the FBI and IRS, the Court finds any such appeal to be distinct from the instant case and not a basis to re-open discovery herein. The discovery deadline in this matter was extended *seven* times over the course of this litigation. (Doc. Nos. 20, 51, 55; and, Non-document Orders dated December 21, 2012, May 7, 2013, July 18, 2013, and April 15, 2014.) With trial now less than two months away, the Court will not re-open discovery to allow Defendant to continue to pursue this line of inquiry, particularly where it has already received responsive documents on the very same topic from both Plaintiff and the Agency.

Accordingly, and for all the reasons set forth above, Defendant's Motion to Reopen Discovery is DENIED.

IT IS SO ORDERED.

/s/ Greg White
U.S. Magistrate Judge

Date: October 19, 2015