**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL CREDIT UNION, ) <br> ADMINISTRATION BOARD, ) <br> as Liquidating Agent of ) <br> St. Paul Croatian Federal Credit Union, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> CUMIS INSURANCE SOCIETY, INC., ) <br> ) <br> Defendant. ) | CASE NO. 1:11 CV 1739 <br><br><br> MAGISTRATE JUDGE GREG WHITE <br><br> **MEMORANDUM OPINION & ORDER** |

This matter is before the Court upon Plaintiff National Credit Union Administration Board, as Liquidating Agent of St. Paul Croatian Federal Credit Union's ("Plaintiff") Motion *in Limine* to Preclude Defendant Cumis Insurance Society from Arguing Rescission (Doc. No. 148.)[1] Defendant Cumis Insurance Society, Inc. ("Cumis") filed a Brief in Opposition on October 27, 2015. (Doc. No. 159.) For the following reasons, Plaintiff's Motion is GRANTED.

In its Motion, Plaintiff asks the Court for an Order prohibiting Cumis from introducing argument, testimony and/or evidence "to support its alleged defense that the CUMIS fidelity bond issued to St. Paul be rescinded." (Doc. No. 148 at 1.) Plaintiff notes the Court "has already addressed this issue and held, in its ruling on the cross-motions for summary judgment (ECF #102) that CUMIS is not entitled to rescind the bond." *Id*. at 3. As such, Plaintiff

---

[1] This case is before the Court upon consent of the parties entered November 28, 2011. (Doc. No. 13.)

maintains allowing Cumis to continue arguing this issue would cause "unnecessary delay and expense." *Id*.

The Court agrees. On August 18, 2011, Plaintiff filed a one-count Complaint seeking a declaratory judgment that Cumis owed coverage under a fidelity bond issued to St. Paul for losses arising from employee or director dishonesty. (Doc. No. 1.) Cumis filed its Answer on October 24, 2011, in which it raised various affirmative defenses including that "the complaint is barred because the bond at issue has been rescinded." (Doc. No. 4 at 5.) Thereafter, on October 29, 2014, the parties filed cross-motions for summary judgment on a number of issues, including whether Cumis was entitled to rescind the fidelity bond based on Anthony Raguz's material misrepresentations in the bond applications. (Doc. Nos. 88, 90.) Both parties applied Ohio law in arguing this legal issue. At no time in its summary judgment briefing did Cumis argue that the Court should apply federal common law or the law of another jurisdiction in interpreting the bond. Nor did it raise the argument that the bond had been mutually rescinded.

On April 7, 2015, this Court issued a Memorandum Opinion & Order denying the parties' summary judgment motions. (Doc. No. 102.) At the outset, the Court expressly noted that "[i]t is undisputed that Ohio law applies to the instant dispute." *Id*. at 13. The Court then engaged in an extensive analysis of Ohio law, and concluded that Cumis "is not entitled to summary judgment in its favor on the basis of rescission as a matter of law."[2] *Id*. at 37. Cumis did not subsequently file a motion for reconsideration or motion to alter or amend judgment.

The matter was set for bench trial commencing December 1, 2015. In its Trial Brief

---

[2] The Court further noted that "[w]hile the Court agrees with Plaintiff on this issue, Plaintiff is not entitled to summary judgment on the ultimate issue of coverage under the bond as Cumis raises three additional, independent grounds for denying coverage." *Id*. at 37.

2

(filed less than two months before trial), Cumis argues for the first time that "[f]ederal common law. . . governs the analysis here: whether, and under what circumstances, rescission is available." (Doc. No. 151 at 7.) Cumis also raises the entirely new argument that the bond was mutually rescinded because "Cumis sent plaintiff a letter clearly indicating that it was rescinding the bond and providing it the return of premiums" and "Plaintiff thereafter cashed the check." *Id*. at 8.

The Court finds Cumis has waived these arguments by neglecting to raise them until after the Court ruled on summary judgment. "A party is not entitled to reserve particular issues and arguments until after a court rules against it." *Longs v. Wyeth*, 621 F.Supp.2d 504, 512 (N.D. Ohio March 20, 2009) *reversed in part on other grounds in Wimbush v. Wyeth*, 619 F.3d 632 (6th Cir. 2010). Cumis had ample opportunity to raise its arguments regarding the applicability of federal common law and mutual rescission as part of the summary judgment briefing in this case. It chose not to do so, and has articulated no reason for this failure. In the absence of any reasonable explanation for the delay, the Court is not inclined to allow Cumis to re-litigate the issue of rescission now, four weeks before trial.

Accordingly, and for all the reasons set forth above, Plaintiff's Motion *in Limine* regarding Rescission (Doc. No. 148) is GRANTED. Cumis will not be permitted to introduce argument, testimony and/or evidence at trial to support its alleged defense that the CUMIS fidelity bond issued to St. Paul should be rescinded.

IT IS SO ORDERED.

/s/ Greg White
U.S. Magistrate Judge

Date: November 2, 2015